**UNITED STATES of America,**

v.

**Nat SCHLESINGER, also known as "Naftule Schlesinger" and "Zvi Pollack," Herman Niederman, and Goodmark Industries, Inc., Defendants.**

**Cr. No. 02–485 (ADS)(ARL).**

United States District Court, E.D. New York.

Oct. 7, 2005.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York by Lawrence Philip Ferazani, Cynthia M. Monaco, Richard Lunger, Assistant U.S. Attorneys, Central Islip, NY.

Shaw Licitra Gulotta Esernio & Schwartz, P.C. by Douglas T. Burns, of Counsel, Garden City, NY, Randy Scott Zelin P.C. by Randy Scott Zelin, of Counsel, Westbury, NY, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP, by Herald Price Fahringer, of Counsel, Jeremy L. Gutman, New York, NY, Michael L. Soshnick, Mineola, NY, Co-counsel for the defendants Nat Schlesinger and Goodmark Industries, Inc.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The Defendant Nat Schlesinger ("Schlesinger" or the "Defendant") moves this Court pursuant to Rule 33 of the Federal Rules of Criminal Procedure for a new trial on his conviction of arson and use of fire to commit felonies charged in Counts Twenty and Twenty–One of the superseding indictment (collectively, the "arson counts"). The Defendant argues that there was neither competent, satisfactory, or sufficient evidence adduced at the trial to support the jury's determination that Schlesinger was guilty of the arson counts beyond a reasonable doubt. Specif-ically, the Defendant argues that the only evidence linking him to the arson counts was adduced through the testimony of Victor Schlesinger and Israel Schwimmer, whose testimony, he contends, was patently incredible and hearsay.

Rule 33 states that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R.Crim.P. 33. As stated by the Second Circuit in *United States v. Ferguson*, 246 F.3d 129, 133, 134 (2d Cir.2001), the Rule 33 standard is as follows:

The rule by its terms gives the trial court "broad discretion to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir.1992). The district court must strike a balance between weighing the evidence and credibility of witnesses and not "wholly usurping" the role of the jury. [*United States v.] Autuori*, 212 F.3d 105, 120 [(2d Cir.2000)]. Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment." *Sanchez*, 969 F.2d at 1414. An example of exceptional circumstances is where testimony is "patently incredible or defies physical realities," although the district court's rejection of trial testimony by itself does not automatically permit Rule 33 relief.

The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice. *See Sanchez*, 969 F.2d at 1414. The trial court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict. *Id.*

... The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation. *See id.* "There must be a real concern that an innocent person may have been convicted." *Id.* Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority "sparingly" and in "the most extraordinary circumstances." *Sanchez,* 969 F.2d at 1414.

*Ferguson,* 246 F.3d at 133–34.

Indeed, this standard has been described as a "heavy burden," *United States v. Fearon–Hales,* No 04–231, 2005 WL 2385845, at *1, 2005 U.S. Dist. LEXIS 21619, *3 (S.D.N.Y. Sept. 27, 2005), and "[i]t is well-settled that motions for new trials are not favored and should be granted only with great caution." *United States v. Costello,* 255 F.2d 876, 879 (2d Cir.1958). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *Ferguson,* 246 F.3d at 134.

In this case, notwithstanding the defendant's assertion that the testimony of the witnesses was incredible, their testimony cannot be considered incredible as a matter of law. The Court finds no miscarriage of justice involving the testimony of either Victor Schlesinger or Israel Schwimmer. This is not a case where "the jury must have engaged in false surmise and rank speculation ..." to find Schlesinger guilty. *United States v. Wiley,* 846 F.2d 150, 155 (2d Cir.1988). On the contrary, as detailed in the Court's Memorandum of Decision and Order of June 8, 2005, which denied the defendant's Rule 29 motion, the cumulative circumstantial evidence linking Schlesinger to the arson was sufficient for a reasonable juror to conclude, beyond a reasonable doubt, that Schlesinger committed both arson and use of fire to commit a felony. *See, e.g., Fearon–Hales,* 2005 WL 2385845 at 3, 2005 U.S. Dist. LEXIS 21619, at *7–8 ("Circumstantial evidence is equally as valuable as direct evidence, and it is the law that 'the jury's verdict may be based entirely on circumstantial evidence.'") (quoting *United States v. Martinez,* 54 F.3d 1040, 1043 (2d Cir.1995)).

One of the case relied upon by the defendant, *United States v. Sanchez,* 969 F.2d 1409 (2d Cir.1992), does not support the defendant's position. In Sanchez the district judge set aside a guilty verdict and ordered a new trial based on his determination that perjured testimony was given by three police officers. However, the Second Circuit reversed and reinstated the jury verdict. The Court reiterated the Rule:

It long has been our rule that trial courts "must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *United States v. LeRoy,* 687 F.2d 610, 616 (2d Cir.1982), *cert. denied,* 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983). It is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment. *See United States v. Kuzniar,* 881 F.2d 466, 470 (7th Cir.1989). Where testimony is patently incredible or defies physical realities, it may be rejected by the court, despite the jury's evaluation. *See e.g., Holland v. Allied Structural Steel Co.,* 539 F.2d 476, 483 (5th Cir.1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1136, 51 L.Ed.2d 557 (1977); *Zollman v. Symington Wayne Corp.,* 438 F.2d 28, 31–32 (7th Cir.), *cert. denied,* 404 U.S. 827, 92 S.Ct. 59, 30 L.Ed.2d 55 (1971).

*Sanchez,* 969 F.2d at 1414.

Reviewing the evidence as a whole, the Court finds that the testimony of Victor

Schlesinger and Israel Schwimmer was not patently incredible nor does it defy physical realities. There is no "manifest injustice" with regard to the convictions in this case. Accordingly, the defendant's Rule 33 motion is denied.

**SO ORDERED.**